UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62272-DIMITROULEAS/AUGUSTIN-BIRCH

ANTHONY SANTIAGO,

    Plaintiff,

v.

PEACOCK'S 17, LLC and
LEE J. GARIPOLI,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
FOR COSTS AND PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

    The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation on Plaintiff's Motion for Costs and Plaintiff's Motion for Attorney's Fees. DE 52; DE 55. The Motion for Costs is fully briefed at docket entries 51 and 53. The Motion for Attorney's Fees is fully briefed at docket entries 54, 58, and 61. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion for Costs be **GRANTED** and that the Motion for Attorney's Fees be **GRANTED IN PART AND DENIED IN PART**.

    **I.**     **Background**

    This is a case brought under the Fair Labor Standards Act ("FLSA") for unpaid minimum and overtime wages. DE 1. Plaintiff filed the case in December of 2022, and it proceeded through discovery and a motion for summary judgment and headed toward a September 2023 trial date. On September 13, 2023, however, the parties filed a Joint Motion asking Judge Dimitrouleas to

approve their Settlement Agreement.  DE 49.  Under the terms of that Settlement Agreement, Defendants would pay Plaintiff $11,000 as a full and final resolution of his FLSA claim.  The parties did not resolve any claims for attorney's fees, costs, or expenses, and they agreed to separately present those claims to the Court for adjudication.  Judge Dimitrouleas granted the Joint Motion on September 13.  DE 50.  Thereafter, Plaintiff filed the Motion for Costs and Motion for Attorney's Fees that are now before the Court.

## II. Plaintiff's Motion for Costs

Plaintiff seeks an award of $724.90 in costs consisting of the $402 court filing fee, $88 for service of process fees, and $234.90 for copying costs.  DE 51.  Defendants respond that they do not concede that an award for the copying costs is appropriate but that, "in light of the fact that the expense associated with opposing the award of that cost would exceed the cost itself, [they] do not object to the overall Bill of Costs."  DE 53.

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome."  *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  A court "must have and state a sound basis" for denying the full amount of costs that the prevailing party incurred because "denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation."  *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (alteration and quotation marks omitted).

Defendants do not dispute that no federal statute, rule, or court order precludes Plaintiff from recovering his costs.  In fact, the FLSA expressly provides for a plaintiff to recover costs. 29 U.S.C. § 216(b) ("The court in [an action under the FLSA] shall, in addition to any judgment

2

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Defendants also do not dispute that Plaintiff is the prevailing party in this case. *See Madden v. Just Believe Recovery Ctr., LLC*, 391 F. Supp. 3d 1121, 1125 (S.D. Fla. 2019) (stating that the parties' settlement of FLSA claims gave the plaintiff prevailing-party status because the "settlement yielded either an award by the court of at least some relief on the merits of his claim or the judicial imprimatur of a change in the [parties'] legal relationship"). Thus, under the law Plaintiff should be allowed to recover costs.

Court filing fees are compensable as part of a costs award. 28 U.S.C. § 1920(1) (permitting a court to tax the fees paid to the clerk of court). Service of process fees paid to a private process server are compensable as long as the amount does not exceed the cost of United States marshal service, which is $65 per hour for each item served. *Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-2998-CV, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019) (citing 28 C.F.R. § 0.114). Here, two Defendants were served at a rate of $44 each. DE 51-1. The $402 for the court filing fee and $88 for service of process fees should be awarded to Plaintiff.

Copying costs are compensable "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). When "evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). Plaintiff seeks $234.90 for copying 1,566 pages at a rate of $0.15 per page, a rate approved in this District. DE 51-2; *see Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988) (finding $0.15 per page a reasonable copying rate for the purpose of a costs award). The copied pages consist of duplicate copies of discovery responses for "use by Plaintiff's counsel during litigation," copies of various documents to "prepare Plaintiff's response to Defendants' Motion for Summary Judgment," and triplicate

copies of Defendants' trial exhibits for trial notebooks for Plaintiff's counsel, witnesses, and the Court. DE 51-2. Defendants have not challenged the copying costs and attempted to overcome the presumption that Plaintiff is entitled to the full amount of costs he seeks. *See Manor Healthcare Corp.*, 929 F.2d at 639 (stating that the opposing party must overcome a presumption in favor of awarding costs to the prevailing party). Consequently, the $234.90 for copying costs should be awarded to Plaintiff. The Court recommends that Plaintiff's Motion for Costs be granted and that Plaintiff be awarded $724.90 in costs.

### III. Plaintiff's Motion for Attorney's Fees

Plaintiff seeks an award of $55,120 in attorney's fees consisting of 137.8 hours worked at a rate of $400 per hour. DE 54. Defendants challenge both the reasonableness of Plaintiff's counsel's hourly rate and the reasonableness of the number of hours billed. DE 58.

The FLSA expressly provides for a plaintiff to recover reasonable attorney's fees. 29 U.S.C. § 216(b) ("The court in [an action under the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Reasonable attorney's fees are calculated by determining the lodestar, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment." *Id.* at 1303 (quotation omitted).

#### A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

*Id.* at 1299.  The fee applicant has the burden to produce satisfactory evidence that the requested hourly rate is in line with prevailing market rates.  *Id.*

Several Judges within the Southern District of Florida have concluded that $375 is a reasonable hourly rate for Plaintiff's counsel, Attorney Elliot Kozolchyk.  *E.g., Slutsky v. Plotkin*, No. 23-CV-61416, 2023 WL 9183689, at *1 (S.D. Fla. Dec. 21, 2023) ("Although Plaintiff's counsel's billing records show that the Plaintiff seeks to bill his services at a rate of $400 per hour, the Court concludes that an award of $375 per hour is reasonable and appropriate."); *Cauzo v. Guarnera*, No. 20-CV-60396, 2023 WL 246833, at *1 (S.D. Fla. Jan. 18, 2023) ("Despite Plaintiff's argument that $400 is a reasonable hourly rate, our precedent indicates that $375 is the recognized reasonable hourly rate for Plaintiff's attorney in this case."); *Walker v. Grampa's Real Est. Inc.*, No. 0:20-cv-61557, 2022 WL 2788498, at *1 (S.D. Fla. July 15, 2022) ("The Court agrees with Judge Strauss that $375 per hour is a reasonable hourly rate for Plaintiffs' counsel in this matter.  As Judge Strauss pointed out in the Report, other judges in this district who have considered Mr. Kozolchyk's reasonable hourly rate over the last few years have overwhelmingly found $350 or $375 (and no more) to be reasonable." (quotation marks omitted)); *Phillips v. SC Cap. Ventures, Inc.*, No. 19-62555-CIV, 2020 WL 2988381, at *2 n.2 (S.D. Fla. June 4, 2020) ("This Court routinely refuses to award Kozolchyk more than $375/hr.").

To support the higher hourly rate of $400, Plaintiff states that his counsel "is the sole shareholder of Koz Law, P.A. and has been practicing exclusively in labor and employment law for over 13 years."  DE 54 at 6.  Plaintiff also cites cases within the Southern District of Florida where Judges have found $400 to be a reasonable hourly rate for his counsel.  *E.g., Hanson v. Stepping Stone Staffing LLC*, No. 21-60388-CIV, 2023 WL 2974921, at *2 (S.D. Fla. Mar. 10, 2023) ("[T]here appears to be a recent trend toward awarding Plaintiffs' counsel $400 per hour.

Based on these prior determinations, as well as the particulars of this case and the undersigned's own knowledge of reasonable hourly rates in this community, the Court finds that $400 is indeed a reasonable hourly rate in this instance."); *Rivera v. Am. Med. Network LLC*, No. 20-24440-CIV, 2023 WL 399864, at *4 (S.D. Fla. Jan. 6, 2023) ("Based on the case law cited by the parties, the record of this action and the Court's own knowledge and experience, I find $400.00 to be a reasonable hourly rate for Plaintiff's counsel."), *report and recommendation adopted*, 2023 WL 399711 (S.D. Fla. Jan. 25, 2023); *Aguilera v. JM Cell LLC*, No. 21-62398-CIV, 2022 WL 19228649, at *3 (S.D. Fla. Aug. 31, 2022) ("[T]he Court finds that an hourly rate of $400 is reasonable for Mr. Kozolchyk.").

The Court recommends that $375 is a reasonable hourly rate for Plaintiff's counsel for this case. In making this recommendation, the Court has considered the caselaw such as that cited above that has addressed the reasonable hourly rate for Plaintiff's counsel. The Court is persuaded by the cases that have concluded that $375 per hour is reasonable. The Court also has considered counsel's qualifications, experience, skill level, and reputation. The Court has personal knowledge of counsel even outside of this case, as counsel has appeared in front of the Court numerous times. And the Court has considered this case in particular and whether it may justify a higher hourly rate. The Court finds that it does not. Counsel provides no explanation showing that the issues in this case were particularly novel or difficult such that they may warrant awarding an hourly rate above $375. Counsel does state that this case was highly contentious and could have settled earlier, but the Court concludes that the contentiousness of the case and the stage at which it settled are reflected in the number of hours that counsel billed. Thus, the Court recommends $375 as a reasonable hourly rate.

### B. Hours Reasonably Expended

In determining the number of hours reasonably expended, a court should exclude excessive, redundant, and unnecessary hours. *Norman*, 836 F.2d at 1301. The Court now turns to categories of billing entries that Defendants maintain are unreasonable.

**1. Extensions of Time**

Defendants assert that they should not be responsible for hours billed related to Plaintiff's and his counsel's need for extensions of time. DE 58 at 5. Plaintiff provides no argument to the contrary, stating only that the hours attributable to extensions of time are a small percentage of the total hours billed. DE 61 at 5.

Plaintiff's counsel requested various extensions of time over the course of this case for reasons including counsel's other professional obligations, counsel's personal obligations, and Plaintiff's health. It is unreasonable to require Defendants to pay the bills associated with extensions that Plaintiff and his counsel needed. *See Danow v. Law Off. of David E. Borback, P.A.*, 634 F. Supp. 2d 1337, 1344 (S.D. Fla. 2009) (excluding from a fees award fees for time spent preparing motions for extensions of time), *aff'd*, 367 F. App'x 22 (11th Cir. 2010). The Court recommends excluding from the fees award the following time totaling three hours:

    i.    0.1 hours billed for a May 26, 2023 email about Plaintiff's requested extension of time to review Defendants' discovery requests;

    ii.    0.4 hours billed for May 30 and 31, 2023, for email communications, motion preparation, and review of an Order about Plaintiff's requested extension of time to file a discovery memorandum [DE 17 and 18];

    iii.    0.9 hours billed for May 31 and June 1, 2023, for communications and review of a Motion and Order related to the need to continue Plaintiff's deposition due to Plaintiff's health [DE 19 and 22];

    iv.    0.2 hours billed for June 6, 2023 emails about Plaintiff's requested extension of time to respond to Defendants' discovery requests;

    v.    0.3 hours billed for July 21 and 24, 2023, for motion preparation and review of an Order about Plaintiff's requested extension of time to respond to the Motion for Summary Judgment [DE 28 and 29];

    vi.    0.6 hours billed for August 7 and 8, 2023, for email communications, motion preparation, and review of an Order about Plaintiff's second requested extension of time to respond to the Motion for Summary Judgment and requested extension of the trial date [DE 31 and 32]; and

    vii.    0.5 hours billed for September 7 and 11, 2023, for email communications, motion preparation, and review of an Order about Plaintiff's request to extend pretrial deadlines [DE 44 and 48].

**2.  Client Communications and Meetings**

Defendants maintain that they should not be responsible for hours billed for communications for Plaintiff's counsel to keep Plaintiff informed about case status and developments, as rules of professional responsibility require lawyers to have such communications with their clients.  DE 58 at 7–8.  Plaintiff responds that no rule provides that the time for these communications is not billable or compensable.  DE 61 at 8.

A Judge in the Southern District of Florida recently ruled in an FLSA case that the time that Plaintiff's counsel spent updating his client was not compensable as part of a fees award.

8

*Slutsky*, 2023 WL 9183689, at *1 ("Counsel is required to keep his client informed of the status [of] his case pursuant to the Rules of the Florida Bar. *See* Rule 4-1.4 of the Rules Regulating the Florida Bar. This Court does not believe that it is fair for the Defendant to have to pay for counsel's bar-mandated duty to keep his client informed, particularly when, due to the attorney-client privilege, the Defendant cannot inquire as to the content of the communications to evaluate the reasonableness of counsel's requested fee award."). The Court agrees with the analysis in *Slutsky* and recommends excluding from the fees award the following time totaling 4.7 hours:

    i.    0.5 hours billed for a February 19, 2023 phone call with client;

    ii.    0.5 hours billed for a May 11, 2023 phone call with client;

    iii.    0.4 hours billed for a May 24, 2023 phone call with client;

    iv.    0.5 hours billed for a May 25, 2023 phone call with client;

    v.    0.5 hours billed for a June 16, 2023 meeting with client;

    vi.    0.5 hours billed for an August 21, 2023 discussion with client;

    vii.    0.5 hours billed for a September 6, 2023 discussion with client;

    viii.    0.5 hours billed for a September 8, 2023 phone call with client;

    ix.    0.3 hours billed for a September 11, 2023 phone call with client; and

    x.    0.5 hours billed for a September 12, 2023 phone call with client.

Defendants also maintain that they should not be responsible for 13.3 hours billed for Plaintiff and his counsel to meet three times between July 26 and August 11, 2023, for the purpose of responding to Defendants' Motion for Summary Judgment. DE 58 at 8. Plaintiff asserts that those three meetings were necessary and properly billable. DE 61 at 8.

Putting the three meetings aside, Plaintiff's counsel billed over 30 additional hours relating to review and preparation of briefing and exhibits for the Motion for Summary Judgment. Further,

at the initiation of the case, Plaintiff's counsel billed 4.6 hours for two meetings and a phone call to gather information from his client. Plaintiff has not explained why an additional 13.3 hours to meet at the summary judgment stage was needed or how it is reasonable.[1] The Court has reviewed the docket entries related to the Motion for Summary Judgment and concludes that, excluding the time billed for the three client meetings, Plaintiff is being adequately and reasonably compensated for the work required at the summary judgment stage. The Court therefore recommends excluding these 13.3 hours from the fees award.

3. **Travel**

Defendants contend that they should not be responsible for 1.5 hours billed for Plaintiff's counsel to travel to and from Defendants' counsel's office for Plaintiff's deposition on June 16, 2023, or 1.5 hours billed for Plaintiff's counsel to travel to and from the federal courthouse for the summary judgment hearing on September 6, 2023. DE 58 at 7. Plaintiff argues that this travel time was necessary for the case. DE 61 at 7.

Courts generally permit the recovery of attorney's fees for reasonable travel time. *E.g., Jones v. Carswell Prop. Maint., Inc.*, No. 09-22027-CIV, 2012 WL 163884, at *6 (S.D. Fla. Jan. 19, 2012). Defendants cite no authority to support excluding Plaintiff's counsel's travel time, nor do they maintain that the amount of time billed is excessive. The presence of Plaintiff's counsel was required both for Plaintiff's deposition and for the summary judgment hearing. Having considered the distance Plaintiff's counsel traveled for the two trips, the need to navigate through traffic, and the time required for parking, the Court finds 1.5 hours for each of the round

---

[1] The parties also engage in a dispute over whether one of the meetings, billed on July 26, 2023, even occurred. The billing entry for the purported meeting of 1.4 hours states, "Met with client to discuss Defendant Lee J. Garipoli's declaration, DE 22-1 and evidence." DE 54-1 at 4. The parties disagree about whether Plaintiff previously represented to the Court that this meeting did not occur. Because the Court recommends that Plaintiff not be awarded fees for the July 26 meeting even if it did occur, the Court need not resolve this disagreement.

10

trips to be reasonable. The Court recommends that the total three hours of travel time not be excluded from the fees award.

### 4. Research and Meetings

Defendants assert that, given Plaintiff's counsel's experience with FLSA cases, they should not be responsible for 7.8 hours billed for legal research on what they maintain were "straightforward legal issues under the FLSA." DE 58 at 6–7. Plaintiff contends that the legal research was necessary and tailored to the needs of the case. DE 61 at 6–7.

The billing entries at issue are: (1) 1.3 hours of legal research at the initiation of the case "on single enterprise and joint employer theories for different hair salons operating under separate brands with slightly different but mostly overlapping business concepts and common ownership"; and (2) 6.5 hours of legal research at the summary judgment stage on the "threshold for when late pay becomes cognizable under the FLSA," the "applicable minimum wage rate to 207(i) exemption (Florida or federal)," the "number of underpayments necessary to vitiate 207(i) exemption," and "Defendants' attempt to moot Plaintiff's minimum wage claim by tendering payment." DE 54-1 at 1, 4. The Court has reviewed the record and finds these researched issues reflective of issues in this case. The Court notes that it is recommending a reasonable hourly rate of $375, rather than $400, based in part on the Court's perception of Plaintiff's counsel's qualifications, experience, and skill level. The Court recommends that the 7.8 hours billed to conduct legal research not be excluded from the fees award.

Defendants maintain that they should not be responsible either for 1.9 hours billed at the initiation of the case to research their Instagram profile, background, litigation history, businesses, and assets or for 0.6 hours billed for Plaintiff's counsel to meet with his firm manager on May 9, 2023, "to discuss evidence and case strategy." DE 58 at 10. The billing records also contain an

entry for a second meeting of 0.6 hours with the firm manager on August 21, 2023, "to discuss Defendants' charts and case strategy," although this is not a meeting that Defendants have identified. DE 54-1 at 5. Plaintiff argues that the research into Defendants was relevant and uncovered evidence for the case, and he asserts that his counsel's meetings with the firm manager were reasonable. DE 61 at 9–10.

The Court finds it reasonable for Plaintiff's counsel to have performed research into Defendants at the initiation of the case to, as an example, determine whether they qualified as employers falling under the FLSA. As for Plaintiff's counsel's meetings with his firm manager, the Court notes that counsel is a sole practitioner and that he has not billed for the time of any co-counsel, paralegal, or legal assistant. The Court does not consider it unreasonable for counsel to have had two relatively brief meetings with his firm manager over the course of a case that was litigated for more than nine months and settled the month that the trial was scheduled to begin. The Court recommends that neither the 1.9 hours billed to research Defendants, nor the 1.2 hours billed for meetings with counsel's firm manager be excluded from the fees award.

**5. Trial Preparation**

Defendants assert that they should not be responsible for 6.6 hours billed for drafting a joint pretrial stipulation and jury instructions and preparing trial exhibits and demonstratives. DE 58 at 9. Defendants maintain that they never received any of these documents. However, the Court considers well-taken Plaintiff's point that this case settled less than two weeks before the trial was to begin, at a time when trial preparation necessarily was underway. DE 61 at 9. Further, it appears that the case could have settled earlier. Defendants have not disputed that, earlier in the case, they rejected a settlement offer for less than the amount of the ultimate settlement. It is reasonable for Plaintiff to recover fees related to trial preparation when the case settled close to

the trial date.  The Court recommends that the 6.6 hours billed for trial preparation not be excluded from the fees award.

### 6. Plaintiff's Collection Request

Finally, Plaintiff "requests that the Court, as part of its Order, find that Plaintiff will be entitled to [his] reasonable fees and costs" for any collection efforts that are necessary if Defendants do not pay the award of fees and costs.  DE 54 at 7.  Defendants point out that any relief with respect to collection is premature.  DE 58 at 10.  Being represented by counsel, Defendants are capable of ascertaining the law with respect to the recovery of fees and costs for collection.  Further, they have been put on notice through the briefing that Plaintiff likely will seek fees and costs for any collection efforts.  The Court recommends that no warning, conclusion, or ruling concerning collection be included at this juncture.

In conclusion, the Court recommends that Plaintiff's Motion for Attorney's Fees be granted in part and denied in part and that Plaintiff be awarded $43,800 in attorney's fees.  This award represents 116.8 hours reasonably expended at a reasonable hourly rate of $375.  The 137.8 hours of work reflected in Plaintiff's counsel's billing records has been reduced by 3 hours (extensions of time) and 18 hours (client communications and meetings) to reach 116.8 hours.

### IV.   Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Costs [DE 51] be **GRANTED** and that Plaintiff's Motion for Attorney's Fees [DE 54] be **GRANTED IN PART AND DENIED IN PART**.  The Court recommends that Plaintiff be awarded $724.90 in costs and $43,800 in attorney's fees.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.

28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

      **DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 29th day of January, 2024.

                                              PANAYOTTA AUGUSTIN-BIRCH
                                              UNITED STATES MAGISTRATE JUDGE